In re Ed LEE, III, Debtor.

Barbara Jo ROUNTREY, Plaintiff,

v.

Ed LEE, III, Defendant.

Bankruptcy No. 87–00946–NNT.
Adv. No. 88–0012–NNT.

United States Bankruptcy Court,
E.D. Virginia,
Newport News Division.

June 6, 1988.

Robert P. Quadros and Clara P. Swanson, Newport News, Va., for plaintiff.

Walter C. Whitt, Newport News, Va., for debtor.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

### Introduction

The plaintiff filed a complaint in this adversary proceeding to determine the dischargeability of a debt in the sum of $73,-780.89. The debt is evidenced by a state court judgment rendered in Wisconsin. Shortly before this adversary proceeding was scheduled for trial, the plaintiff filed a motion for summary judgment contending that the prior Wisconsin state court judgment was determinative of the facts currently before this Court in the plaintiff's dischargeability complaint. By her motion the plaintiff asks that collateral estoppel effect be given the state court judgment. The Court held a hearing on this motion on May 4, 1988, and took the motion under advisement in order for the movant to obtain additional information about the state court proceeding and judgment.

On May 11, 1988, the plaintiff filed a copy of the notice to the debtor for the state court hearing in issue along with a transcript of witness testimony taken at the hearing.

After carefully reviewing all the pleadings, the state court transcript, and the state court order, the Court concludes that the state court judgment shall be accorded collateral estoppel effect to the extent stated in this opinion, and the plaintiff's motion for summary judgment will be granted in part and denied in part. This memorandum order shall constitute findings of fact and conclusions of law as required in adversary proceedings by Bankruptcy Rule 7052.

### Findings of Fact

The complaint seeks to have a Wisconsin state court judgment awarded to the plaintiff in the amount of $73,780.89 excepted from discharge pursuant to Code Sections 523(a)(4) and (a)(6). In paragraph 3 the complaint avers that the judgment

contains Findings of Fact which state in part that the conduct of Ed Lee, III was willfully fraudulent and that he failed to disclose assets and liabilities, misrepresented his true financial condition, and converted property awarded to Barbara (Lee) Rountrey and such conduct amounted to intentional and willful fraudulent conduct both upon the Court and upon Barbara (Lee) Rountrey.

The Wisconsin judgment, a copy of which was filed with the complaint, contained amended findings of fact, conclusions of law, and judgment. The judgment debt was based upon the following four components:

(a) $20,000 encumbrance against LDI Partnership;

(b) Conversion of Barbara (Lee) Rountrey's interest in Bonus A in the amount of $18,326.39;

(c) Conversion of Barbara (Lee) Rountrey's share of the net after-tax bonus in the amount of $32,954.50;

(d) A contribution to Barbara (Lee) Rountrey's legal fees in the amount of $2,500.00.

*In re the Marriage of Barbara Jo Lee and Ed Lee, III*, Case No. 84–FA–451 (Wis. Dec. 23, 1986).

To support these judgment awards, the court specifically stated in its amended findings of fact that

The conduct of Ed Lee III, both during and subsequent to the divorce has been willfully fraudulent in that he did:

(a) Willfully and fraudulently conceal and misrepresent to the Court and to joint petitioner Barbara (Lee) Rountrey, the existence of a payment to him of the sum of $90,200 in February, 1985, which payment was evidenced by a loan and was subsequently paid off by a payment to him of a bonus in February, 1986.

(b) Willfully and intentionally fail to disclose the existence of a lien encumbering his partnership interest in the LDI Partnership, which one-half of said interest was to be transferred to Barbara (Lee) Rountrey free and clear of all encumbrances.

(c) Willfully, fraudulently and intentionally convert to his own personal benefit the whole of the property described as Bonus A in the judgment.

*Id.* The court further stated in its findings of fact that

Ed Lee's conduct, including his failure to disclose all of his assets and liabilities amounted to intentional misrepresenta-

tion of his financial condition and in all respects represents conduct in defiance of this Court, including his conduct subsequent to the divorce wherein he has failed to pay, as ordered by the initial divorce judgment, the income tax obligations, ... all of which, in addition to his willful and intentional failure to disclose assets and liabilities, is fraudulent conduct on this Court all of which constitutes a fraud upon and against Barbara (Lee) Rountrey.

*Id.*

The amended finding of fact that discussed the award of legal fees, stated that the plaintiff

had incurred legal expenses and costs in the amount of $3,060.50 of which I find fair and reasonable and further find that said fees and costs were caused solely as a result of Ed Lee's misrepresentation of the facts, failure to disclose financial information and fraudulent conduct.[1]  *Id.*

In a its judgment section, the judgment stated further that

[i]t is hereby adjudged that the conduct of Ed Lee both during and subsequent to the divorce amounted to willful and intentional conversion of property of Barbara (Lee) Rountrey and he has misrepresented his financial condition and further that all of such conduct is willful and intentionally fraudulent upon the Court and as to Barbara (Lee) Rountrey.  *Id.*

The plaintiff submitted a transcript of the witness testimony from the state court hearing. Although limited to the witnesses's testimony, the transcript illustrates that the state judge received verbal and document evidence on the issues that gave rise to the state judgment. The debtor did not choose to appear in person at that hearing; however, the transcript discloses that he was represented by counsel and that his counsel, Mr. Jones, took part in the state court proceeding by cross examining at least one witness.

The debtor's answer to the dischargeability complaint asserts that the debtor should

---

**1.** The Court notes that an amended finding of fact values the legal fees at $3,060.50; however, the judgment values the award of legal fees at $2,500. This Court finds the judgment value to be controlling in this proceeding.

not be bound by the state court's determination of certain issues because he did not appear in person at the hearing which resulted in the judgment against him. Debtor's counsel stated in the initial pretrial conference that the firm representing the debtor in the state court matter sent an associate to have the hearing continued; however, the judge denied the continuance.

### Conclusions of Law

A motion for summary judgment is governed by Bankruptcy Rule 7056, a rule that incorporates Fed.R.Civ.P. 56 in adversary proceedings. Under this rule a court may consider pleadings, answers to interrogatories, admissions, and any affidavits in order to determine if there is any genuine issue as to any material fact in the proceeding before the court. Fed.R.Civ.P. 56(c). If there is no material issue of fact to be established at a trial and the movant is entitled to judgment as a matter of law, then the court may grant summary judgment.

The plaintiff seeks summary judgment here based upon its contention that the doctrine of collateral estoppel precludes the debtor from contesting the Wisconsin judgment and that the findings of the Wisconsin court incorporated in the judgment effectively are findings which render the judgment debt nondischargeable under Bankruptcy Code Sections 523(a)(4) and (a)(6).

For this Court's consideration of the summary judgment motion, the plaintiff has submitted copies of her dischargeability complaint, the debtor's answer and the state judge's findings and judgment order, along with a transcript of witness testimony heard by the state judge.

In essence, the plaintiff's motion is a request for this Court to give collateral estoppel effect to the state court's findings that the debtor acted fraudulently, intentionally, and willfully as to the entire debt owed to the plaintiff.

█ The United States Court of Appeals for the Fourth Circuit in *Combs v. Richardson*, 838 F.2d 112 (4th Cir.1988) recently determined that collateral estoppel could be applied in dischargeability proceeding to preclude a debtor from relitigating an issue that had been "actually litigated and decided in an earlier proceeding." *Combs*, 838 F.2d at 113. In order for collateral estoppel to be applied the following elements must be established:

(1) the issue sought to be precluded was the same as that involved in the earlier proceeding,

(2) the issue was actually litigated in the earlier proceeding,

(3) the issue was determined by a valid and final judgment, and

(4) the determination must have been essential to the prior judgment. *Combs*, 838 F.2d at 115 (citing *In re Ross*, 602 F.2d 604 (3rd Cir.1979), see also, Restatement (Second) of Judgments § 26 (1982).[2]

█ The party asserting collateral estoppel has the burden of proving all of the requisites of its application; therefore, the plaintiff here must provide a sufficient record for this Court to determine what issues were actually litigated before the state court. *See, Spilman v. Harley*, 656 F.2d 224, 227–28 (6th Cir.1981), *reh'g* and *reh'g en banc denied* 656 F.2d 224 (6th Cir.1981), and 10A Wright, Miller & Kayne, *Federal Practice and Procedure, Civil 2d* § 2727 (1983 and Supp.1987).

There appears to be no doubt that the plaintiff has demonstrated the existence of the first and fourth elements. The judg-

---

**2.** A few bankruptcy courts have questioned the application of a federal test to determine the preclusive effect of state court judgments in federal courts. See, *Harris v. Byard (In re Byard)*, 47 B.R. 700 (Bankr.M.D.Tenn.1985), and *Bend v. Eadie (In re Eadie)*, 51 B.R. 890 (Bankr.E.D.Mich.1985). In these two cases, the courts analyzed the effect of 28 U.S.C. § 1783, the federal Full Faith and Credit statute, in light of recent Supreme Court case law and determined that a bankruptcy court in applying col-

lateral estoppel to a state court judgment should look to state law to determine the preclusive effect of the state court judgment. Accordingly, the bankruptcy court should then accord the state court judgment the same preclusive effect that the home state would accord the judgment.

This issue was not raised by the parties, and it was not addressed by the Fourth Circuit in *Combs v. Richardson*, 838 F.2d 112 (4th Cir. 1988). Therefore, this Court make no determination of this issue in this memorandum.

ment and the transcript illustrate that the issues of the debtor's conduct (fraud, willfulness, and deliberate intent) which would have been raised in the bankruptcy dischargeability action were identical to the issues raised in the state court hearing. This state court record, additionally, demonstrates that the determination of these issues was essential to the state court's final judgment in that the basis of the plaintiff's state court action relied on the proof of the fraudulent, willful, and intentional (deliberate) acts of the debtor.

There appears to be no doubt that the plaintiff has demonstrated the existence of the third element. The debtor has not challenged the validity and finality of the state court judgment, and this Court cannot find any defect that would render the state court judgment invalid.[3]

■ The presence of the second element which requires that an issue be actually litigated is not as easily established. The debtor, in his answer, appears to argue that the issues were not actually litigated because of his nonappearance at the state court hearing. This second element was stressed in the Fourth Circuit's holding in *Combs* and therefore deserves a complete examination.

In *Allen v. McCurry* the Supreme Court stated "that the concept of collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate that issue in the earlier case." *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980) (citing *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979) and *Blonder–Tongue Laboratories, Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 328–29, 91 S.Ct. 1434, 1442–43, 28 L.Ed.2d 788 (1971)). This language is a guide for defining the phrase "actually litigated" as used by the Fourth Circuit in *Combs*.[4]

This Court refuses to adopt a strict, restrictive interpretation of the phrase. The purpose behind the requirement that an issue be actually litigated is that collateral estoppel should apply only to issues actually litigated and determined by a court and that collateral estoppel should not be applied to issues not "in issue" and not determined in a judicial proceeding. *See*, Restatement (Second) of Judgments § 26 Comment E (1982). If a party is given a full and fair opportunity to litigate an issue and that issue is determined by the court, then this policy is met and issue preclusion should be applied.

In the case at bar, although debtor chose not to appear to litigate the issues, he had a full and fair opportunity to litigate the issues in the state court proceeding, and in fact his attorney did appear and take part in the hearing. Under these circumstances this Court finds that the issues were actually litigated in the state court proceeding. *See, Halpern v. First Georgia Bank (In re Halpern)*, 810 F.2d 1061 (11th Cir.1987) (The court determined that a consent judgment fulfilled the actually litigated phrase.), and *Bend v. Eadie (In re Eadie)*, 51 B.R. 890 (Bankr.E.D.Mich.1985) (The court determined that a default judgment fulfilled the actually litigated phrase.).

This Court is satisfied that the state court record currently before it establishes the requisite elements for applying collateral estoppel to the factual issues determined in the Wisconsin state court judgment entered on December 23, 1986, by the Honorable P. Charles Jones.

Having determined that the state court judgment should be accorded collateral estoppel effect, this Court must now address the issue of dischargeability of this debt and the motion for summary judgment. *See, In re Halpern*, 810 F.2d at 1064.

The creditor seeks to have this debt excepted from discharge under 11 U.S.C. § 523(a)(6), a section that provides:

---

**3.** The debtor in his answer does raise the fact that the debtor did not appear at the state court hearing. This court interprets this assertion to be an attack of the "actually litigated" element of the collateral estoppel test and not an attack on the validity of the state court judgment.

**4.** Federal courts have not always been consistent in their use of language when applying the federal standard of collateral estoppel. *See, Harris v. Byard (In re Byard)*, 47 B.R. 700, 704 (Bankr.M.D.Tenn.1985) (Footnote No. 3 illustrates the inconsistency in use of the terms "actually litigated" and "decided.").

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt–

. . . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6) (1982 & Supp. IV 1986). For a debt to be excepted from discharge under this section a creditor must prove that the debt was incurred through willful and malicious conduct. According to *Colliers on Bankruptcy*, the legislative history for this section notes that the term willful was defined as " 'deliberate or intentional,' a deliberate and intentional act which necessary leads to injury." 3 L. King *Colliers on Bankruptcy* ¶ 523.16[1] at 523–112 (15th ed. 1987).

■■■ As to the definition of malicious, there is no requirement that specific malice be proven. In *St. Paul Fire & Marine Ins. Co. v. Vaughn*, the Fourth Circuit held that:

> there is no need to show specific malice under § 523(a)(6) of the Code on the part of the debtor. Something implied is no less true than something expressed. ... Implied malice, which may be shown by the acts and conduct of the debtor in the context of their surrounding circumstances, is sufficient under 11 U.S.C. § 523(a)(6).

*St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1010 (4th Cir.1985). Under this standard for malice an act that is done deliberately and intentionally in knowing disregard of the rights of another would satisfy this implied malice standard. *Id.*, *see also, Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir.1986), and *Stern v. Dubian* (*In re Dubian*), 77 B.R. 332, 337, 16 B.C.D. 428, 431 (Bankr.D.Mass.1987).

■■■ Applying these elements to the facts established through collateral estoppel, the Court finds that the elements to prove a debt excepted from discharge under Code Section 523(a)(6) have been met by the creditor as to the following portions of the debt:

(1) the $20,000.00 encumbrance against the LDI Partnership

(2) the $18,326.39 conversion of "Bonus A."

As to these debts that total $38,326.39, the plaintiff's motion for summary judgment is granted for their claim under Code Section 523(a)(6).

This Court reaches these conclusions after a careful review of the factual issues established by the state court judgment and the transcript. The judgment and the transcript establish that the debtor knowingly and intentionally took actions adverse to the plaintiff's property interest in Bonus A; the judgment and transcript also establish that the debtor wilfully and intentionally failed to disclose the existence of liens on LDI Partnership, an asset that was to have been transferred free and clear of liens to the plaintiff. These facts establish the requisite elements to establish nondischargeability under Code Section 523(a)(6).

The Court's conclusion is bolstered by the legislative history of 11 U.S.C. § 523(a)(6) which states that this section was intended to cover wilful and malicious conversions. *See*, 3 L. King *Colliers on Bankruptcy* ¶ 523.16 at 523–111 (15th ed. 1987), *see also, American Honda Finance Corp. v. Tester* (*In re Tester*), 62 B.R. 486 (Bankr.W.D.Va.1986).

Additionally, the creditor seeks to have this debt excepted from discharge under 11 U.S.C. § 523(a)(4), a section that provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt–

. . . .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny

11 U.S.C. § 523(a)(4) (1982 & Supp. IV 1986). Although the plaintiff's complaint does not limit the grounds under Code Section 523(a)(4) that she seeks to use to have this debt declared nondischargeable, her brief in support of the motion for summary judgment does limit her argument under this motion to the grounds of embezzlement or larceny.

208

■ In Code Section 523(a)(4) the phrase "while acting in a fiduciary capacity" does not apply to the terms embezzlement and larceny; therefore, this phrase is not applicable to a creditor's proceeding under Code Section 523's grounds of embezzlement or larceny. *See, Great American Ins. Co. v. Storms (In re Storms)*, 28 B.R. 761, 764–65 (Bankr.E.D.N.C.1983), and *Commonwealth of Virginia Comm'n of Game and Inland Fisheries v. Myers (In re Myers)*, 52 B.R. 901, 905 (Bankr.E.D.Va.1985).

Embezzlement under Section 523(a)(4) is defined as "the fraudulent appropriation of property by a person to whom such property has been entrusted, or whose hands it has lawfully come." *Myers*, 52 B.R. at 905 (citing *Moore v. United States*, 160 U.S. 268, 16 S.Ct. 294, 40 L.Ed. 422 (1985)). Larceny under Section 523(a)(4) is defined as "the fraudulent and wrongful taking and carrying away the property of another with intent to convert such property to his (the taker's) use without the consent of the owner." 3 L. King *Colliers on Bankruptcy* ¶ 523.156 at 523–99 (15th ed. 1987).

■ Applying these definitions to the case at bar, the facts established by the state court proceeding illustrate that the debtor willfully, fraudulently, and intentionally converted the plaintiff's portion of Bonus A to his own use. The testimony of Jim Davis and the plaintiff established that the debtor knew of his obligation to pay the bonus to the plaintiff; and yet he had it paid directly to himself. The testimony also established that the debtor had refused to comply with a prior state court order to pay a portion of this bonus to the plaintiff. These facts supported the state court judgment concerning Bonus A, and they also support a determination that the portion of the debt concerning the conversion of Bonus A is excepted from discharge under Code Section 523(a)(4). Therefore, the plaintiff's motion for summary judgment as to this portion of the debt is granted.

■ The portion of the debt concerning the $20,000.00 encumbrance against the LDI Partnership occurred as a result of a misrepresentation by the debtor to the state court and the plaintiff regarding the status of this interest in the earlier divorce proceedings. This debt would not be classified as a larceny or an embezzlement since it does not involve the taking of property; it only involves the misrepresentation of the status of property. Therefore, this portion of the debt would be dischargeable under Code Section 523(a)(4) and the plaintiff's motion for summary judgment as to this claim under Code Section 523(a)(4) is denied.

■ The summary judgment motion as to the legal fees and as to the after-tax bonus is denied with regard to the plaintiff's claims under Code Sections 523(a)(4) and (a)(6). Although this Court also accepts the Wisconsin findings on these two elements of the judgment, there is insufficient evidence in the record presented to the Court to determine the dischargeability or nondischargeability of these portions of the debt.

An appropriate order shall issue.