In re Marvin Charles BECKER, Debtor.

Ruth E. Paden STONE, Plaintiff,

v.

Marvin Charles BECKER, Defendant.

Bankruptcy No. 88–00547–NT.
Adv. Pro. No. 88–0264–NT.

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Dec. 6, 1988.

Leonard D. Levin, Virginia Beach, Va., for creditor.

Michael W. Wiseburg, Norfolk, Va., for debtor.

### MEMORANDUM ORDER GRANTING SUMMARY JUDGMENT

DOUGLAS O. TICE, JR., Bankruptcy Judge.

#### Introduction

On March 9, 1988, the plaintiff filed a complaint under Bankruptcy Code Section 523(a)(4) to determine the dischargeability of a debt evidenced by a state court judgment. Prior to trial, the plaintiff filed a motion for summary judgment under Fed. R.Civ.P. 56 contending that the state judgment rendered pre-petition was determinative of the factual matters raised by the plaintiff's dischargeability complaint. By her motion the plaintiff asks that collateral estoppel effect be given the state court judgment.

The Court conducted a hearing on this motion on August 16, 1988, and after fully reviewing the state court transcript, the Virginia judgment order, the Supreme Court of Virginia's opinion in *Becker v. Paden,* Record No. 840580, slip op. (Va. Sept. 4, 1987), the briefs submitted, and hearing the counsels' argument, the Court granted the plaintiff's motion. The following order shall constitute findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

#### Findings of Fact

At the conclusion of trial, the Court stated orally its findings of fact. Those find-

ings are incorporated in this order and are summarized as follows:

(1) The debtor filed a voluntary chapter 7 petition on February 18, 1988.

(2) On March 9, 1988, Ruth E. Paden Stone ("Stone") filed a complaint to determine the dischargeability of her debt that was evidenced by a Virginia judgment in the principal amount of $34,-000.00.

(3) The Virginia judgment, dated January 19, 1984, resulted from a jury trial conducted by the Honorable Henry L. Lam, Circuit Judge for the Circuit Court of the City of Virginia Beach, Virginia (the "Virginia judgment").

(4) The debtor appealed the Virginia judgment to the Supreme Court of Virginia, and that court affirmed the Virginia judgment by an unpublished memorandum opinion dated September 4, 1987 (the "opinion").

(5) The opinion specifically affirmed the existence of a fiduciary relationship and an express trust between the debtor and Stone. Additionally, the opinion affirmed the finding that the debtor had misappropriated and converted the trust funds.

### Conclusions of Law

A motion for summary judgment is governed by Bankruptcy Rule 7056, a rule that incorporates Fed.R.Civ.P. 56 in adversary proceedings. Under this rule a court may consider pleadings, answers to interrogatories, admissions, and any affidavits in order to determine if there is any genuine issue as to any material fact in the proceeding before the court. Fed.R.Civ.P. 56(c). If there is no material issue of fact to be established at a trial and the movant is entitled to judgment as a matter of law, then the court may grant summary judgment.

Here, the plaintiff seeks summary judgment that the Virginia judgment in *Paden v. Becker* is excepted from discharge under

Bankruptcy Code Section 523(a)(4).[1] The basis for plaintiff's motion is that the doctrine of collateral estoppel precludes the debtor from relitigating the factual findings and holding of the Virginia Beach Circuit Court and the Virginia Supreme Court. These findings and holding have established the appropriate elements for nondischargeability of the judgment debt.

For this Court's consideration of the summary judgment motion, the plaintiff has submitted copies of her dischargeability complaint, the debtor's answer, the judgment order, the joint appendix submitted to the Virginia Supreme Court, and the Virginia Supreme Court's unpublished memorandum opinion.

Collateral estoppel may be applied in a dischargeability proceeding to preclude a debtor from relitigating any issue that had been "actually litigated and decided in an earlier proceeding and that was necessary to the [earlier] decision." *Combs v. Richardson*, 838 F.2d 112, 113 (4th Cir. 1988). In order for collateral estoppel to be applied the following elements must be established:

(1) the issue sought to be precluded was the same as that involved in the earlier proceeding,

(2) the issue was actually litigated in the earlier proceeding,

(3) the issue was determined by a valid and final judgment, and

(4) the determination must have been essential to the prior judgment. *Rountrey v. Lee (In re Lee)*, 90 B.R. 202, 205, 18 B.C.D. 183, 185–86 (Bankr.E.D.Va.1988); *see also, Combs*, 838 F.2d at 114–116.

Here, the debtor does not seriously dispute that these elements have been established; instead, he argues that an exception to the general rule of issue preclusion (collateral estoppel) applies. He asserts that a higher burden of proof is applied in a dischargeability proceeding than is applied in a state trust or defalcation proceeding.

---

1. The plaintiff's complaint relies on the portion of 11 U.S.C. § 523(a)(4) that provides, "for ... defalcation while acting in a fiduciary capacity." Although the plaintiff's complaint does mention fraud, the plaintiff's motion for summary judgment and brief in support of the motion are based solely upon the state court's finding of the existence of a defalcation.

This increase in the burden of proof, he contends, makes the application of collateral estoppel inequitable. Debtor's attorney has cited no case or other authority in support of this argument.[2] The debtor's argument against the appreciation of collateral estoppel presumes that the burden of proof in this dischargeability proceeding is under the clear and convincing standard, while the burden of proof in the state court action was by the preponderance of the evidence.[3] However, debtor's presumption fails to consider the impact of the recent decision of the United States Court of Appeals for the Fourth Circuit in *Combs v. Richardson*, 838 F.2d 112 (4th Cir.1988), on the standard of proof in Section 523 dischargeability proceedings.

Prior to *Combs*, a number of courts had held the standard of proof necessary to establish an exception to discharge under the various subsections of Code Section 523(a) was by the clear and convincing evidence. *See, Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579–80 (11th Cir. 1986) (Complaint was based on Section 523(a)(2)(A)); *Fleming v. Preston (In re Preston)*, 47 B.R. 354, 357 (E.D.Va.1983) (Complaint was based on Section 523(a)(2)(A)); and *American Honda Fi-*

*nance Corp. v. Loder*, 77 B.R. 213, 215 (N.D.Iowa 1987) (Complaint was based on Section 523(a)(6)).

In *Combs v. Richardson* the Fourth Circuit wrote:

The Bankruptcy Code is silent as to the standard of proof necessary to establish the exceptions to discharge in § 523. In the face of this silence, courts may not imply a higher standard than the preponderance standard normally applied in civil proceedings.

*Combs* 838 F.2d at 116. Although *Combs* involved a dischargeability action under 523(a)(6), this broad language would seem to apply to all subsections under Section 523(a).

Therefore, following *Combs*, this Court will not apply the clear and convincing standard in a dischargeability proceeding where the parallel civil action did not require that same burden. Here, it is implicit in debtor's argument that the clear and convincing standard was not imposed in the state court case where the identical trust and defalcation issues were litigated. The bankruptcy court should not apply a higher burden of proof in a dischargeability litigation than was applied at the state civil level.[4]

2. The Court observes that Section 28(4) of the *Restatement (Second) of Judgments* might support the debtor's position. That section provides:

Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:

. . . . .

(4) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted to his adversary; or *the adversary has a significantly heavier burden than he had in the first action;*
*Restatement (Second) of Judgments* § 28(4) (1982) (emphasis added).

3. Neither state court proceeding identified the burden of proof imposed upon Stone. The debtor's attorney represented that the burden of proof in the state court proceeding was the preponderance of the evidence standard. This Court accepts this representation without decid-

ing the issue since such a determination is not required.

The debtor's argument is based upon the exception of not applying issue preclusion (collateral estoppel) where the burden of proof is significantly heavier in the second action than it was in the first action. Here, if the state court burden of proof is higher than assumed the debtor's argument would fail on its face since the burden of proof in the second proceeding would be lower or equal to the burden of proof imposed in the first action.

4. Fraud was not a basis for the plaintiff's summary judgment motion, and this Court does not determine the appropriate burden of proof to be applied in dischargeability proceedings involving allegations of fraud.

The introduction of fraud in dischargeability proceedings complicates the burden of proof issue. Many courts have applied the clear and convincing evidence standard in dischargeability proceedings. Judges justify the application of this higher standard because actions involving common law fraud have traditionally had this higher burden imposed and because there is a parallel between dischargeability fraud and

Accordingly, in this dischargeability proceeding this Court applies the preponderance of the evidence standard which effectively neutralizes the debtor's opposition to the application of issue preclusion (collateral estoppel) to facts established in the state court litigation.

■ It was established in the plaintiff's state court case against the debtor that debtor was in a trust relationship to the plaintiff and that the judgment debt arose because of the debtor's defalcation or misappropriation of trust funds. Applying collateral estoppel to these facts renders the judgment debt excepted from discharge under 11 U.S.C. § 523(a)(4).

At the hearing on the motion for summary judgment, after this Court had granted the motion, the debtor's attorney requested that an amount for an appeal bond be set. This request is premature. The Court will entertain such a motion under Bankruptcy Rule 8005 after the notice of appeal is filed.

The clerk shall send copies of this order to the plaintiff, the plaintiff's attorney, the debtor, debtor's attorney, and the trustee.

IT IS SO ORDERED.

common law fraud. *See, Borg–Warner Acceptance Corp. v. Watkins (In re Watkins)*, 90 B.R. 848 (Bankr.E.D.1988), (Judge Spector provides an exhaustive examination of the burden of proof in an exception to discharge setting.).

An application of the clear and convincing standard in dischargeability cases based on fraud would not necessarily be inconsistent with *Combs* since Virginia does apply this higher standard of proof in civil cases in which fraud is alleged. *See, Nationwide Ins. Co. v. Patterson*, 229 Va. 627, 331 S.E.2d 490 (1985); *Winn v. Aleda Construction Co., Inc.*, 227 Va. 304, 315 S.E.2d 193 (1984); *English v. Angel*, 221 Va. 243, 269 S.E.2d 366 (1980). However, in this Court's view bankruptcy courts should apply a single standard of proof in deciding dischargeability issues under any subsection of Section 523.