**In re Ronald M. REID, Debtor.**

**Beuilah REID, Plaintiff,**

**v.**

**Ronald M. REID, Defendant.**

**Bankruptcy No. 91–21167–7.
Adv. No. 91–6098.**

United States Bankruptcy Court,
D. Kansas.

Dec. 31, 1992.

---

Elizabeth A. Carson, Shawnee Mission, KS, for plaintiff.

John R. Cochran, Olathe, KS, for defendant.

Henry W. Green, Leavenworth, KS, trustee.

John M. Foulston, Wichita, KS, U.S. Trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter comes on before the Court pursuant to the February 26, 1992 hearing on the motion of Beuilah Reid (hereinafter "plaintiff") for partial summary judgment. Plaintiff appeared by and through her attorney, Elizabeth Carson. Ronald M. Reid (hereinafter "debtor") appeared in person and by and through his attorney, John R. Cochran. The motion for partial summary judgment arises out of plaintiff's complaint to determine dischargeability and objection to discharge. Plaintiff is only seeking summary judgment with regard to her request for a determination of dischargeability under 11 U.S.C. § 523(a)(4) and (a)(6). The Court took the matter under advisement.

### FINDINGS OF FACT

Based upon the pleadings and the record, this Court finds as follows:

1. That plaintiff and debtor were parties to a contested divorce proceeding which was heard on September 19 and 20, 1990, in *Reid v. Reid*, Case No. 90 D 1499, in the District Court of Wyandotte County, Kansas, Division Seven (hereinafter the "District Court Action").

2. That the Court takes Judicial Notice of the Journal Entry of Memorandum Decision filed on October 3, 1990, in the District Court Action (hereinafter the "Journal Entry"). The Journal Entry provides in pertinent part as follows:

PROPERTY DIVISION:

The parties own or did own during the marriage property with the following FMV which is subject to division on an equitable basis.

| | |
|---|---|
| Real estate (equity) | $27,390 |
| Series EE Bonds (80% of face) | 37,600 |
| Automobiles | 58,000 |
| Furniture and cameras | 3,000 |
| Approximately | $125,000 |

The respondent should have set over to her approximately $60,000 as follows:

| | |
|---|---:|
| The equity in both homes | $27,400 |
| Remaining EE Bonds in Court file | 3,360 |
| The furniture and clothing | 1,000 |
| Approximately | $32,000 |

Respondent is granted judgment against petitioner in the amount of $28,000 on the balance of what she is owed on the division of property, to be paid $300 per month for the 92 months that he is paying her maintenance, unless he can reduce or eliminate this payment by a lump sum amount.

3. That the Journal Entry finds "[t]he record is clear that the petitioner has cashed or disposed of, without her consent, approximately $30,000 in bonds and valuable automobiles which were all marital assets and which seems he obviously spent on himself traveling and gambling, by his own admission."

4. That plaintiff filed a complaint to determine dischargeability and objection to discharge alleging that the $28,000 judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(4) or (6), and that the debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A).

5. That plaintiff filed a motion for partial summary judgment regarding the § 523(a)(4) and (6) claims. The § 727(a)(4)(A) cause of action is not presently before the Court.

## CONCLUSIONS OF LAW

Rule 56 of the Federal Rules of Civil Procedure governs summary judgments, and is made applicable to bankruptcy adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Rule 56(c) provides that the court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Fed.R.Bankr.P. 7056.

Plaintiff argues that summary judgment is appropriate because the merits of plaintiff's claims have been determined by the District Court Action which should enjoy collateral estoppel effect in this adversary proceeding to determine dischargeability. The Court must therefore determine whether the doctrine of collateral estoppel precludes the relitigation of any issues in the present dischargeability proceeding.

Collateral estoppel is binding on the bankruptcy court and precludes relitigation of factual issues if: (1) the issue to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated by the parties in the prior action; and (3) the prior court's determination of the issue was necessary to the resulting final and valid judgment. *In re Wallace*, 840 F.2d 762, 765 (10th Cir.1988) (citations omitted).

The plaintiff has the burden of proving all of the requisites for the application of collateral estoppel. *In re Lee*, 90 B.R. 202, 205 (Bankr.E.D.Va.1988). With regard to the first requirement, the Journal Entry and the transcript from the District Court Action illustrate that the issue of the debtor's conversion of plaintiff's property which was raised in the District Court Action was the same issue that would have been raised in the dischargeability proceeding. *See Id.*

The prior court's determination of the issue was also necessary to the resulting final and valid judgment. Although the District Court Action was a divorce proceeding, the action necessarily addressed issues concerning the assets of the parties and the disposition of those assets. It was necessary for the state court to address the issue of debtor's conversion in determining the value and division of the marital assets. The debtor has not challenged the finality or validity of the Journal Entry, and this Court can find no defect which would render the Journal Entry invalid. *See Id.* at 206.

The only remaining requirement is that the issue was actually litigated by the parties in the District Court Action. Debtor argues that he was denied a fair trial in the state court proceeding due to his counsel's failure to rebut the values placed by plaintiff upon certain automobiles and items of

personal property. This Court finds that debtor was afforded a full and fair opportunity to litigate the issues in the District Court Action. Debtor appeared and testified at the hearing in the District Court Action and was represented by counsel. Debtor also filed Suggested Findings in the District Court Action.

Based on the foregoing, this Court finds that the Journal Entry should be accorded collateral estoppel effect in this dischargeability proceeding. Therefore, the Court must determine whether plaintiff is entitled to summary judgment based upon the facts established through collateral estoppel.

11 U.S.C. § 523(a)(6) provides that:
(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

■ The Tenth Circuit Court of Appeals has found that willful means "deliberate or intentional," and that § 523(a)(6) requires "an intentional or deliberate injury." *In re Campos*, 768 F.2d 1155, 1158 (10th Cir. 1985). " 'Willful' conduct is conduct that is volitional and deliberate and over which the debtor exercises meaningful control, as opposed to unintentional or accidental conduct." *In re Posta*, 866 F.2d 364, 367 (10th Cir.1989). The "willful" element simply addresses whether the debtor intentionally performed the basic act complained of. *Id.*

■ The focus of the "malicious" inquiry is on the debtor's actual knowledge or the reasonable foreseeability that his conduct will result in injury to the creditor, "not on abstract and perhaps moralistic notions of the 'wrongfulness' of the debtor's act." *Id.* (citations omitted). The Tenth Circuit has held that:

Under § 523(a)(6), the debtor's malicious intent can be shown in two ways. In the rare instances in which there is direct evidence that the debtor's conduct was taken with the specific intent to harm the creditor, the malice requirement is easily established ... More commonly, however, malicious intent must be demonstrated by evidence that the debtor had

knowledge of the creditor's rights and that, with that knowledge, proceeded to take action in violation of those rights.

*Id.* at 367.

■ This Court finds that the debtor's conversion of plaintiff's property, as established through collateral estoppel, renders the portion of plaintiff's judgment representing that conversion nondischargeable pursuant to § 523(a)(6). "[T]he conversion of another's property without his knowledge or consent, done intentionally and without justification and excuse, to the other's injury, is a willful and malicious injury within the meaning of the exception...." *In re Dey*, 31 B.R. 567, 568 (Bankr. W.D.N.Y.1983) (citing Collier on Bankruptcy, 15th Edition, Vol. 3 at page 523–120).

In *In re Dey*, the court held that the husband's sale of jointly held property without regard to the wife's interest in the property rendered the wife's judgment nondischargeable pursuant to § 523(a)(6), but only to the extent of the value of her share of the property sold. Likewise, this Court finds that plaintiff's judgment should be declared nondischargeable pursuant to § 523(a)(6), but only to the extent of the value of her share of the property disposed of by debtor. The Journal Entry finds that debtor cashed or disposed of approximately $30,000 in marital assets. Therefore, $15,000 of plaintiff's judgment, representing her share of this property, is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

Plaintiff also seeks summary judgment pursuant to § 523(a)(4). In plaintiff's Memorandum in Support of Motion For Partial Summary Judgment, plaintiff states that "[i]n this motion for summary judgment, creditor relies most heavily on 11 U.S.C. § 523(a)(6), however creditor believes 11 U.S.C. § 523(a)(4) also applies." This is the only argument that plaintiff makes regarding the § 523(a)(4) cause of action. This Court finds that the record fails to show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law with regard to the § 523(a)(4) cause of action. Furthermore, the plaintiff's

claim under § 523(a)(4) is moot in light of the Court's finding that § 523(a)(6) applies. Therefore, the Court grants plaintiff's motion for partial summary judgment as it relates to the claim under § 523(a)(6).

IT IS THEREFORE, BY THE COURT, ORDERED That plaintiff's motion for partial summary judgment shall be and the same is hereby GRANTED IN PART and DENIED IN PART.

IT IS FURTHER, BY THE COURT, ORDERED That plaintiff's judgment to the extent of $15,000, representing her share of the marital assets disposed of by debtor, is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

IT IS FURTHER, BY THE COURT, ORDERED That plaintiff's motion for summary judgment under 11 U.S.C. § 523(a)(4) shall be and the same is hereby DENIED.

This Memorandum shall constitute my findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure.

JUDGMENT ON DECISION GRANTING PARTIAL SUMMARY JUDGMENT PURSUANT TO 11 U.S.C. § 523(a)(6)

This matter comes on before the Court pursuant to the motion of Beuilah Reid (hereinafter "plaintiff") for partial summary judgment. The Honorable Benjamin E. Franklin presiding. A hearing was held on February 26, 1992, and the matter was thereafter taken under advisement, and a decision having been rendered,

IT IS THEREFORE, BY THE COURT, ORDERED That plaintiff's motion for partial summary judgment shall be and the same is hereby GRANTED IN PART and DENIED IN PART.

IT IS FURTHER, BY THE COURT, ORDERED That plaintiff's judgment to the extent of $15,000, representing her share of the marital assets disposed of by debtor, is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

IT IS FURTHER, BY THE COURT, ORDERED That plaintiff's motion for summary judgment under 11 U.S.C. § 523(a)(4) shall be and the same is hereby DENIED.