**In re Deborah Lynn POOLE, Debtor.**

**VALCOUR PRINTING, INC., Plaintiff,**

v.

**Deborah Lynn POOLE, Defendant.**

**Bankruptcy No. 90–44524–172.**
**Adv. No. 91–4298–172.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

July 7, 1992.

Stuart J. Radloff, Trustee, Clayton, MO.

Scott E. Walter, Clayton, MO, for debtor/defendant.

Elkin L. Kistner, St. Louis, MO, for plaintiff.

## FINDINGS AND CONCLUSIONS

JAMES J. BARTA, Bankruptcy Judge.

The matters before the Court are Plaintiff's complaint to determine dischargeability and Plaintiff's motion for summary judgment with memorandum in support thereof, and Defendant/Debtor's motion in opposition to Plaintiff's motion for summary judgment. These findings and conclusions are based on a consideration of the record as a whole.

Prior to 1988, Debtor was employed by Plaintiff, Valcour Printing. In 1986 Debtor was prosecuted in the Circuit Court of St. Louis, Missouri, for stealing from Plaintiff. Debtor entered an Alford guilty plea to the Class C felony charged against her. Debtor received probation as a result of her plea. A condition of the probation was that Debtor make restitution to Plaintiff in the amount of $15,000, which Debtor has paid in full. Plaintiff also filed a civil suit against Debtor for damages as a result of the theft. On July 13, 1988, the Debtor entered into a consent judgment in the civil action in the amount of $12,000 in favor of Plaintiff. Debtor has not satisfied the consent judgment. Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on September 18, 1990. Plaintiff then filed this adversary proceeding to determine dischargeability under Sections 523(a)(4) and (6) of the Bankruptcy Code.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See,* F.R.C.P. 56, as made applicable by Bankruptcy Rule 7056.

Sections 523(a)(4) and (6) provide an exception to discharge for debt "(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny ... (6) for willful and malicious injury by the debtor to another entity or to property of another entity." 11 U.S.C. § 523.

The Plaintiff's prayer has requested a determination of dischargeability as to the consent judgment award in the nonbankruptcy civil proceeding. Therefore, for purposes of this determination, the criminal proceeding and the award of restitution are factors to be considered in ruling on the Motion for Summary Judgment.

Plaintiff argues that there are no material questions of fact as to the issue of whether the debt owed to Plaintiff is nondischargeable under the above cited sections of the Bankruptcy Code due to the collateral estoppel effect of the consent judgment. Defendant argues summary judgment on a collateral estoppel basis is not appropriate in this case because a consent judgment does not establish detailed facts which are necessary to determine a debt is nondischargeable.

The "full faith and credit" doctrine requires that

a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered. (cites omitted)

*In re Byard,* 47 B.R. 700, 701–702 (Bankr. M.D.Tenn.1985).

The Missouri Court of Appeals in *Fritzsche v. East Texas Motor Freight Lines,* 405 S.W.2d 541 (Mo.App.E.D.1966) defined a consent judgment, in differentiating consent from a judgment by confession, as a judgment, "based on an agreement between the parties as to terms, amount or conditions of the judgment rendered.

Black's Law Dictionary, p. 978; 49 C.J.S. Judgments § 173, p. 308." *Id.* at 544.

■ Under Missouri law a consent judgment is given the same effect as any other judgment. The Supreme Court of Missouri held that

> [j]udgments (including judgments by agreement) are conclusive of the matters adjudicated and are not subject to collateral attack except upon jurisdictional grounds. (cites omitted) ... (a)nd such a judgment, *even though erroneous,* is a bar to relitigation (in a later suit) of the issues so determined under the doctrine of collateral estoppel and res judicata. (emphasis original) (cite omitted)

*Payne v. St. Louis Union Trust Co.,* 389 S.W.2d 832, 836 (Mo.S.Ct.1965).

The Missouri Court of Appeals has ruled similarly in *Vorhauer v. Sweeny,* 217 S.W.2d 985 (1949), where it was held that

> it is also the settled law that a judgment of a court of competent jurisdiction imports absolute verity and cannot be questioned in a collateral proceeding after the term of court at which it was rendered.

*Id.* at 987.

■ Thus, under Missouri law, Debtor cannot now make a collateral attack on the consent judgment arguing that the agreement was unclear and indefinite. The consent judgment was entered in response to a three count complaint. Although the consent judgment does not state under which count it was entered, there are elements of embezzlement present in all three counts. The United States Court of Appeals for the Eleventh Circuit held in *Greenberg v. Schools,* 711 F.2d 152 (11th Cir.1983) that, "a debt which originates from the debtor's fraud should not be discharged simply because the debtor entered into a settlement agreement". *Id.* at 156.

The Court must also consider Debtor's Alford guilty plea in the criminal case as one of the factors in ruling on the Motion for Summary Judgment. The United States Court of Appeals for the Eighth Circuit has defined an Alford plea as

> a qualified guilty plea in which the defendant is unwilling or unable to admit his participation in the criminal activity, but concludes his or her interests require the entry of a guilty plea because of the strength of the prosecution's case.

*United States of America v. Baker,* 961 F.2d 1390, 1391 (8th Cir.1992).

Debtor chose to plead guilty to criminal charges of stealing over $150 from Plaintiff. Plaintiff's civil complaint was based on the same actions Debtor pled guilty to in the criminal proceeding. In the civil case Debtor consented to judgment being entered in favor of Plaintiff. Debtor chose in both the civil and criminal proceedings to waive her opportunity to present the facts as she saw them. Debtor cannot now come to Bankruptcy Court expecting to litigate facts and issues which have been previously consented to, and which were the basis of her admission of criminal guilt.

■ The standard that applies to all exceptions from dischargeability of debts under Section 523(a) of the Bankruptcy Code is preponderance of the evidence, rather than clear and convincing evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). *Grogan* also held that collateral estoppel principles apply in nondischargeability proceedings under the Bankruptcy Code. Based on the record as presented here, including the fact that Debtor voluntarily entered into the consent judgment in response to a civil complaint based on embezzlement and fraud that prayed for punitive, as well as actual damages, this Court concludes that the consent judgment is conclusive of the facts alleged in the civil complaint and has collateral estoppel effect in this objection to discharge. Plaintiff has met its burden of proof, and the Court finds this debt is nondischargeable under Section 523(a)(4) or Section 523(a)(6). Thus, the pleading, affidavits, and other documents in this file show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. By a preponderance of the evidence, the facts presented establish fraud, or willful and malicious acts on the part of Debtor.

Therefore, by a separate order the Plaintiff's Motion for Summary Judgment is granted.