In re Sonnie G. CUFFEY,
Chapter 7 Debtor.

Valerie OUTLAW, in her capacity as surviving wife and heir at law, and as Administratrix of the Estate of Andrew H. Outlaw, deceased, and Delaney L. Outlaw, minor child of Andrew H. Outlaw, deceased, who sues by Valerie Outlaw, his natural guardian and next friend, Plaintiffs,

v.

Sonnie G. CUFFEY, Defendant.

Bankruptcy No. 93–22169–T.
Contested Matter No. 93–1158–T.

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Sept. 29, 1993.

**3.** The United States Court of Appeals for the Fourth Circuit has yet to address the issue presented in the instant case.

G. Wilson Nelligar, Virginia Beach, VA, for plaintiffs.

S. DeLacy Stith, Portsmouth, VA, for debtor/defendant.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Final hearing on plaintiffs' motion for relief from stay was held on September 16, 1993, and the issue taken under advisement following presentation of evidence.

For the reasons stated in this opinion the motion will be denied.

### Facts

The debtor is an attorney who had at one time represented the plaintiffs, who are mother and son, in state court litigation. This lawsuit arose out of the plaintiffs' claim based upon the death of Andrew H. Outlaw, who was the husband of plaintiff Valerie Outlaw and father of Delaney L. Outlaw. Ultimately, the Delaneys' suit on this claim was dismissed with prejudice.

On April 9, 1991, plaintiffs sued the debtor in the Circuit Court, City of Portsmouth, Virginia, alleging damages based upon malpractice and other grounds. In the litigation, debtor was represented by his present bankruptcy counsel. Counsel filed an answer, and the case was set for trial on April 22, 1993. On the date of trial debtor's counsel appeared and was allowed by the circuit court to withdraw as debtor's counsel.

Although debtor was aware that the trial was scheduled on April 22 and that his counsel intended to withdraw in court on April 22, debtor did not appear at trial. In debtor's absence and without his being represented by counsel, the circuit court proceeded to hear testimony from Valerie Outlaw. At the conclusion of an approximately two hour trial, the court announced a ruling awarding the plaintiffs compensatory damages of $500,000.00 and punitive damages of $50,000.00. No court reporter was present at the trial, and no transcript is available.

Following trial, plaintiffs' counsel submitted for entry by the circuit court a judgment order reflecting the court's damage award.

On April 26, 1993, after learning of the circuit court's ruling, debtor filed a chapter 7 bankruptcy petition.

On April 29, 1993, the Portsmouth Circuit Court entered the judgment order submitted by plaintiffs' counsel. On May 13, 1993, debtor filed *pro se* a motion to set aside the judgment order.

Neither plaintiffs' counsel nor the circuit court were aware of debtor's bankruptcy petition when the judgment order was entered. However, plaintiffs do not dispute that pursuant to 11 U.S.C. § 362(a), the entry of the judgment order by the Portsmouth court was a nullity because barred by the automatic stay.

In this bankruptcy case the plaintiffs have filed a complaint (Adversary Proceeding No. 93–2098–T) asking this court to except their damage award from debtor's discharge pursuant to 11 U.S.C. § 523(a)(2), (4) or (6).

In the instant contested matter, plaintiffs request the court to grant relief from the stay so that the judgment order of April 29, 1993, may be properly entered by the circuit court.

*Discussion and Conclusion of Law*

The plaintiffs seek relief from stay to allow them to proceed to docket a judgment against the debtor in Portsmouth Circuit Court. They contend that their claim against the debtor in the state court is the same as that which is the basis of their dischargeability complaint in this bankruptcy case in Adversary Proceeding No. 93–2098–T.

Plaintiffs argue in effect that cause exists for this court to grant relief from stay because their malpractice claim against the debtor was tried on the merits in the circuit court. Therefore they should be allowed to properly docket their state court judgment which in turn will collaterally estop the debtor from relitigating the same issue in bankruptcy court.

Plaintiffs' position is plausible if the doctrine of collateral estoppel is applicable to any of the dischargeability issues. Conversely, if collateral estoppel cannot be applied then it follows that there is no cause to grant their relief from stay, and all discharge issues must be resolved in the pending dischargeability proceeding.

■ The United States Court of Appeals for the Fourth Circuit has determined that collateral estoppel can be applied in bankruptcy dischargeability proceedings to preclude a debtor from relitigating an issue that had been "actually litigated and decided in an earlier proceeding." *Combs v. Richardson*, 838 F.2d 112, 113 (4th Cir.1988). *See also M & M Transmissions v. Raynor (In re Raynor)*, 922 F.2d 1146 (4th Cir.1991). In order for collateral estoppel to be applied the following elements must be established:

(1) the issue sought to be precluded is the same as that involved in the earlier proceeding,

(2) the issue was actually litigated in the earlier proceeding,

(3) the issue was determined by a valid and final judgment, and

(4) the determination must have been essential to the prior judgment. *Combs*, 838

F.2d at 115 (citing *In re Ross*, 602 F.2d 604, 607–08 (3d Cir.1979)); *see also*, Restatement (Second) of Judgments § 26 (1982); *Rountrey v. Lee (In re Lee)*, 90 B.R. 202, 205 (Bankr.E.D.Va.1988).

■ The party asserting collateral estoppel has the burden of proving all of the requisites of its application; therefore, the plaintiffs here must provide a sufficient record for this Court to determine what issues, if any, were actually litigated before the state court. *In re Lee*, 90 B.R. at 205.

■ Here, no transcript was made of the trial in Portsmouth Circuit Court. I must therefore conclude that the plaintiffs have failed to provide a sufficient record for this court to find that the potential judgment was based upon any issue which would result in a nondischargeable debt against the debtor. Certainly, Mrs. Outlaw's testimony before this court in the relief from stay hearing was not adequate to carry the plaintiffs' burden. And it does not follow, as their counsel has argued, that a malpractice judgment is necessarily excepted from discharge under § 523(a).

■ However, even assuming it could be shown that the state court ruled on issues which parallel bankruptcy discharge issues, I find that collateral estoppel cannot apply here for an even more compelling reason: no discharge issues were actually litigated.

The Fourth Circuit considered collateral estoppel more recently in *In re Raynor*, 922 F.2d at 1146. The basic facts of *Raynor* are strikingly similar to those present here. The defendant Raynor did not appear at trial in state court, and his attorney withdrew on the day of trial. The state court entered default judgment.[1] The primary factual distinctions between the cases are that in *Raynor* the defendant's attorney never filed an answer, and the attorney could not locate Raynor to let him know of the trial; here, debtor's attorney had filed an answer, debtor was aware that trial was scheduled and that his attorney intended to withdraw. Debtor chose not to appear at trial.

---

1. Although Raynor later attempted to overturn the judgment, a judgment based upon breach of contract, fraud and punitive damages was ultimately upheld on appeal.

In *Raynor* the Fourth Circuit held that collateral estoppel did not apply on discharge issues in the defendant's bankruptcy case because those issues were not actually litigated in state court. The crux of the court's ruling is found in the following:

> The record of the state court proceedings discloses that the issue of fraud was not actually litigated. Raynor was not aware of the proceeding. The court's findings of fact and conclusions of law supporting its judgment were prepared by M & M' counsel. The record contains no transcript of the evidence or depositions.
>
> Raynor was present when the court heard his motion to be relieved of the judgment. The court found that Raynor was at fault because he failed to keep in touch with his counsel. It also found that he presented no meritorious defense to fraud. In the exercise of its discretion the court denied Raynor's motion for relief of the judgment. The issue of fraud was not actually litigated at the hearing on the motion. The record discloses no cross-examination of M & M's witnesses, and the court placed the burden of showing a defense to fraud on Raynor. This allocation of the burden of proof is contrary to the rule in bankruptcy that the party who challenges discharge—in this instance M & M—must prove the dispositive statutory factor for nondischarge. [citation omitted.]

922 F.2d at 1149–50.

I find that the instant case is controlled by the *Raynor* opinion. Although it may be said that the debtor got what he deserved by way of the $550,000.00 judgment, the rule of law on the issue presented today seems clear. His failure to appear and litigate precludes the application of collateral estoppel in the discharge proceeding.

Since the doctrine of collateral estoppel is not applicable, there is no basis at the present time to allow the state court case to proceed. Therefore, an order will be entered denying plaintiffs' motion for relief from stay. In the event that the plaintiffs prevail on their dischargeability complaint in this court, it may be appropriate for the state court to fix damages. However, that issue need not be considered now.