**In re Leo C. LOEVNER, Debtor.**

**Lucius Q. LAMAR, Plaintiff,**

v.

**Leo C. LOEVNER, Defendant.**

**Bankruptcy No. 93–11857–T.
Adv. No. 93–1217.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Feb. 7, 1994.

Lawrence T. Brooke, Annandale, VA, for plaintiff.

David E. Jones, Fairfax, VA, for debtor/defendant.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Plaintiff filed a motion for summary judgment on his complaint to except debt from discharge pursuant to 11 U.S.C. § 523(a)(2), (4) and (6). In support of the motion plaintiff relies upon a state court consent judgment against debtor and the doctrine of collateral estoppel.

For reasons stated in this opinion the motion will be denied.

### Findings of Fact

Debtor filed a voluntary chapter 7 petition on April 30, 1993. Richard A. Bartl was appointed trustee and filed a no asset report on June 23, 1993.

Plaintiff filed a complaint on July 29, 1993, seeking to except from discharge a prepetition state court judgment for $20,180.19 pursuant to 11 U.S.C. § 523(a)(2), (4) and (6).

The state court judgment, consented to by the debtor as a *pro se* defendant, states in part:

Plaintiffs and Defendant Leo C. Loevner have agreed to a settlement of their dispute in this matter, whereby Defendant Leo C. Loevner consents to the entry of judgment against him individually, on the basis of fraud, deceit and violation of Section 13.1–502 [1] of the Code of Virginia (1950), as amended, all as evidenced by his endorsement hereto.

Compl. Ex. 1.

On December 2, 1993, plaintiff filed a motion for summary judgment in this adversary proceeding, asserting his claim is nondischargeable in bankruptcy under the doctrine of collateral estoppel by virtue of the prior state court consent judgment.

### Discussion and Conclusions of Law

Summary judgment is appropriately granted if the movant shows "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Plaintiff seeks to establish that the state court consent judgment precludes any relitigation of the same issues in this adversary proceeding by the doctrine of collateral estoppel, or issue preclusion.

With respect to collateral estoppel, the Court of Appeals for the Fourth Circuit has held that a judgment debtor:

> may be precluded from relitigating an issue that was actually litigated and decided in an earlier proceeding and that was necessary to the decision. However, the determination that an issue was actually litigated and necessary to the judgment must be made with particular care.

*Combs v. Richardson,* 838 F.2d 112, 113 (4th Cir.1988).

More recently, the Fourth Circuit held that a default judgment entered against a debtor in his absence did not meet the

---

1. This section reads:

   It shall be unlawful for any person in the offer or sale of any securities, directly or indirectly,

   (1) To employ any device, scheme or artifice to defraud, or

   (2) To obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

   (3) To engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser.

   Va.Code Ann. § 13.1–502 (Michie 1993). It should be noted that the text of this section has not changed since its enactment in 1956.

*Combs* standard. Thus, collateral estoppel did not apply because the issue of fraud was not actually litigated. *M & M Transmissions, Inc. v. Raynor (In re Raynor),* 922 F.2d 1146, 1149–50 (4th Cir.1991).

The instant case refines the question even further: whether a state court consent judgment effectively precludes the relitigation of the issues in a bankruptcy dischargeability trial.

The plaintiff's consent judgment order is the only document presented by plaintiff in support of his summary judgment motion. The judgment contains no findings of fact but merely reflects an agreement by debtor to the judgment. In the absence of any evidence of the circumstances surrounding the consent judgment, this court has no basis to determine that any issues were litigated.[2] Finally, the fact that debtor was not represented by counsel in the state court, while not in itself decisive, also weighs against granting plaintiff's motion.[3]

Therefore, the court is unable to decide "with particular care" whether collateral estoppel applies in this case. *Combs,* 838 F.2d at 113.

Since the state court consent judgment relied upon by plaintiff in his motion is insufficient to support the application of the doctrine of collateral estoppel pursuant to

*Combs* and *Raynor,* plaintiff is not entitled to summary judgment. *Cf. McGee v. McCown (In re McCown),* 129 B.R. 432 (Bankr.D.Md. 1991) (court may look behind consent judgment on issues which were not actually litigated).

The motion for summary judgment will be denied by separate order.

---

**2.** The circumstances of *In re Raynor* would better support application of collateral estoppel than this case. Although the debtor was absent in that case, the court heard evidence from the plaintiff and entered a judgment which was supported by findings of fact and conclusions of law. *In re Raynor,* 922 F.2d at 1150–51 (Niemeyer, J., dissenting). Here, the summary judgment motion is supported by neither findings nor a record of any evidence taken at the trial in state court. Thus, this court is ill-equipped to make any ruling on the application of collateral estoppel.

**3.** It should be noted that there is support outside of the Fourth Circuit for plaintiff's position that a state court consent judgment may be used to invoke the doctrine of collateral estoppel. However, the two cases relied upon by plaintiff are distinguishable from the instant case.

In *Klingman v. Levinson,* 831 F.2d 1292 (7th Cir.1987), the debtor entered into a consent decree in state court which stipulated specific acts of the debtor sufficient to except the judgment debt from discharge in bankruptcy. Moreover, the debtor stipulated that the debt would not be dischargeable in bankruptcy and that the allega-

tions of the complaint and the findings of the court would be taken as true and correct without further proof. The bankruptcy court found that the detailed stipulations satisfied the "actually litigated" requirement of collateral estoppel. *Klingman,* 831 F.2d at 1296.

In *Valcour Printing, Inc. v. Poole (In re Poole),* 148 B.R. 49 (Bankr.E.D.Mo.1992), the debtor entered into a consent judgment in a civil action arising from a guilty plea to felony charges for stealing. The court looked to Missouri law, under which a consent judgment is given the same effect as any other judgment. Thus, the debtor could not make a collateral attack on the consent judgment in bankruptcy court. The court relied on the pleadings, filings and affidavits in the file to make its ruling. *In re Poole,* 148 B.R. at 51.

Absent from the instant case are the detailed stipulations of *Klingman* and the surrounding criminal litigation and the developed record of *Poole.* Moreover, *Poole* construed Missouri law concerning the status of consent judgments. Since this court is bound by *Combs* and *Raynor,* I must conclude from these rulings that the consent judgment order, without more, is insufficient to grant plaintiff's motion for summary judgment.