**In re Frank R. STANKOVICH, Debtor.**

**Frank KULESA and Carol Kulesa, Plaintiffs,**

v.

**Frank R. STANKOVICH, Defendant.**

**Bankruptcy No. 93–14890–AA.**
**Adv. No. 94–1053.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

April 15, 1994.

Henry Counts, Jr., Alexandria, VA, for debtor/defendant.

Richard J. Stahl, John L. Daugherty, Fairfax, VA, for plaintiffs.

## OPINION AND ORDER

DAVID H. ADAMS, Bankruptcy Judge.

This Adversary Proceeding comes before the Court on the plaintiffs' Motion for Summary Judgment. In support of their motion, the plaintiffs rely on the judgment entered by the Circuit Court of Fairfax County against the debtor on June 29, 1993. The plaintiffs assert that as a result of the state court judgment, the debtor is collaterally estopped from defending against the Complaint filed in this Adversary Proceeding which seeks to declare the plaintiffs' claim against the debtor to be nondischargeable under 11 U.S.C. § 523(a)(2).

The single issue presented by the plaintiffs' Motion for Summary Judgment in this Court is the same one often considered by the courts of this District and the Court of Appeals for the Fourth Circuit. However, each fact pattern presents a slightly different

problem to a supposedly well-settled proposition in the law. It is hoped that additional clarity is hereby shed on the doctrines of collateral estoppel or issue preclusion.

■ As is often the case, the principle of law relied upon by the plaintiffs is far more easily stated than applied. Collateral estoppel applies only to those issues which were actually, completely and necessarily litigated in a prior action between the parties, thereby barring relitigation of specific issues previously determined by a court of competent jurisdiction. *M & M Transmissions, Inc. v. Raynor*, 922 F.2d 1146 (4th Cir.1991); *Combs v. Richardson*, 838 F.2d 112 (4th Cir.1988); and *Havenstein v. Freeman*, 142 B.R. 758 (Bankr.E.D.Va.1991). It is also well settled in this Circuit that a state court default judgment does not give rise to an argument of collateral estoppel because it is not the result of actual litigation of the issues between the parties. *Raynor, supra*, and *Va. Commission of Game & Inland Fisheries v. Myers*, 52 B.R. 901 (Bankr.E.D.Va.1985).

The plaintiffs, Mr. and Mrs. Kulesa, entered into a contract on October 21, 1992 with the debtor to construct a two-story addition to the plaintiffs' residence. Apparently, certain monies were advanced seriatim by the plaintiffs to the debtor to pay for portions of the construction of the addition to their residence. The construction that was completed was not satisfactory to the plaintiffs who ultimately filed in the Circuit Court of Fairfax County on June 29, 1993 a suit against the debtor seeking damages on five different legal theories. To that motion for judgment, the debtor filed a simple denial. In late August 1993, the plaintiffs submitted a Request for Admissions to the debtor pursuant to the Rules of the Supreme Court of Virginia, which Request was ignored by the debtor. As a result, the plaintiffs filed a motion for summary judgment in the state

court action alleging that all of the factual statements requested to be admitted or denied were, pursuant to Rule 4:11 of the Rules of the Supreme Court of Virginia, deemed admitted when no timely denial or objection was filed by the debtor.[1] Therefore, based upon the unanswered Request for Admissions and as a result of the plaintiffs' motion for summary judgment, the Circuit Court of Fairfax County on October 12, 1993, entered a Final (Judgment) Order awarding the plaintiffs monetary damages on each of the grounds alleged in the state court action, including fraud. The Final (Judgment) Order was prepared by counsel for the plaintiffs to summarize the allegations and the conclusions set out in the motion for judgment.

The debtor filed for relief under Title 11 of the United States Code on November 24, 1993. Shortly thereafter, the plaintiffs filed a Complaint Objecting to Dischargeability of Debt owed to them by the debtor relying entirely on the state court Final (Judgment) Order. There were no evidentiary hearings in the state court proceedings relating to any of the allegations made by the plaintiffs or any defense interposed by the debtor.

At the hearing on the instant Motion for Summary Judgment before this Court, counsel for the debtor admitted the intentional lack of concern with the state court action because of the debtor's intention to file these bankruptcy proceedings. In furtherance of that intention, the debtor and his counsel almost completely ignored the state court action; no discovery was responded to, no response was made to the plaintiffs' motion for summary judgment and the debtor noted no appeal to the Final (Judgment) Order of October 12, 1993. The present bankruptcy proceedings were filed after the state court order became final and nonappealable.

■ There is no question the doctrine of collateral estoppel applies in proceedings un-

---

1. Rule 4:11 of the Rules of the Supreme Court of Virginia provides in pertinent parts:

"(a) ... The matter is admitted unless, within 21 days after service of the Request, ... the party to whom the Request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter.... A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the Request; he may, subject to the provisions of Rule 4:12(c), deny the matter or set forth reasons why he cannot admit or deny it. (b) ... Any admission made by a party under this Rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding."

der the Bankruptcy Code and in proceedings involving objections to dischargeability. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). It is also clear that the courts of this Circuit and of many others have often addressed the issue of collateral estoppel and its application to bankruptcy proceedings, and more specifically, to proceedings under 11 U.S.C. § 523. Most of the courts which have addressed the issue have held that collateral estoppel applies when the specific issues relied on in a Section 523 dischargeability complaint were actually litigated and carefully considered by a court before the bankruptcy proceedings were filed. The decisions universally hold that collateral estoppel prevents the relitigation of dischargeability issues previously litigated between the parties. *Hovermale v. Pigge*, 539 F.2d 369 (4th Cir.1976).

The second facet of the collateral estoppel issue before the Court is whether a state court default judgment can be relied on to prevent relitigation of the issues raised in a dischargeability complaint.

An analysis of the issue of collateral estoppel and the effect of default judgments on subsequent litigation involving dischargeability issues in the Bankruptcy Court has often been conducted. *See, e.g., In Re Byard*, 47 B.R. 700 (Bankr.E.D.Tenn.1985); *Raynor, supra;* and *Combs, supra*.

The Fourth Circuit Court of Appeals in the *Raynor* case held: " . . . it is well established that a state court default judgment does not have collateral estoppel effect because it is not the result of actual litigation." *Raynor*, 922 F.2d at 1149. It is for this Court to decide whether the issue of fraud, as alleged by the plaintiffs, was the subject of actual litigation in the state court action. The Court does not find any evidence of an actual and careful adjudication by the state court of the issue of the alleged fraud perpetrated on the plaintiffs by the debtor.

The Fourth Circuit Court of Appeals in *Raynor* also stated:

The common denominator of these four discharge cases is their recognition that an indispensable requirement of *res judicata* (more precisely, issue preclusion or collateral estoppel) is actual litigation of the

issue. See Restatement (Second) Judgments @ 27 (1982). They illustrate the law of the circuit: To preclude a debtor from litigating an issue dispositive of discharge, the record of the case giving rise to the judgment debt must show that the issue was actually litigated and determined by a final valid judgment in an earlier proceeding and that it was necessary to the decision. *Combs v. Richardson*, 838 F.2d at 113; see also Restatement (Second) Judgments @ 27. Moreover, the bankruptcy court must determine whether the issue was actually litigated 'with particular care.' *Combs v. Richardson*, 838 F.2d at 113.

*Raynor*, 922 F.2d at 1149.

This Court interprets the mandate of the *Raynor* and *Combs* decisions to require an analysis of whether the prior court proceedings involved a complete and thorough presentation of the issues presented in the dischargeability complaint and whether there was a thoughtful determination of those issues by the state court. The default judgment rendered by the Circuit Court of Fairfax County does not satisfy these two requirements for the invocation of the doctrine of collateral estoppel.

The state court Final Order granting judgment in favor of the plaintiffs resulted from the debtor's failure to timely respond to the Request for Admissions propounded by the plaintiffs. Therefore, by default, the facts and conclusions the plaintiffs sought to have admitted or denied by the debtor were deemed admitted because of the debtor's failure to respond, and those facts and conclusions thus established—by default and not by the presentation of evidence—supported the summary judgment entered in favor of the plaintiffs by the state court. The record before this Court is devoid of any indication that the issue of fraud, allegedly perpetrated by the debtor on the plaintiffs, was ever actually litigated and carefully considered by the state court. The Final Order of the state court resulted from the procedural failures of the debtor in failing to respond to discovery.

 "The court called upon to determine whether the judgment is dischargeable

should resort to the entire record to determine the wrongful character of the act, for even the pleadings are not necessarily conclusive." 3 Collier on Bankruptcy § 523.-16[2] (15th ed. 1994). Simply relying on the state court judgment, even where it contains conclusive language,[2] is not enough. The Court must look behind the pleadings and determine whether the allegations which give rise to the dischargeability complaint were actually litigated and carefully considered by the state court, which would have applied a different standard of proof than is applicable in the bankruptcy proceedings. It is clear that the Bankruptcy Court has sole jurisdiction to determine the issues of dischargeability, and the proof and standards required to satisfy the elements of fraud are different in the Bankruptcy Court than in state court. *Glemby International Virginia, Inc. v. Webster,* 1 B.R. 61 (Bankr.E.D.Va.1979).

In light of the *Raynor* and *Combs* decisions, this Court finds that the fraud judgment of the Circuit Court of Fairfax County does not collaterally estop the debtor from litigating the issues presented under 11 U.S.C. § 523 in the Complaint Objecting to Dischargeability of Debt. The elements of fraud and the issue of whether the debtor perpetrated a fraud on the plaintiffs have not yet been presented to, litigated before and carefully determined by any court. A trial in this Court of the issue of dischargeability is not a relitigation of the facts and issue involved. The debtor is not estopped to deny the fraud alleged in the action before this Court.

This Court is aware that the denial of the plaintiffs' Motion for Summary Judgment affords the debtor an opportunity to litigate issues which he chose to ignore in the state court action. Perhaps this is an unjust result that could be avoided if the rule of law hat applies included the notion that collateral estoppel also precluded a later attempt to litigate those issues which the parties had an earlier opportunity to litigate.

This Court must determine whether the debt due by the debtor to the plaintiffs is dischargeable, and therefore, the plaintiffs' Motion for Summary Judgment is denied and the matter shall proceed to trial.

It is so ordered.

---

**2.** The Final Order of the Circuit Court of Fairfax County entered on October 12, 1993 states: "4. Stankovich committed fraud against the Kulesas, and the Kulesas suffered damage as a result of this fraud in the amount of $44,888.00."