**In re James I. WARD, Jr., Debtor.**

**ESTATE OF Madeleine SAMSON, By and Through its Personal Representative, the Reverend Joseph MURPHY, for the benefit of the Estate's residuary beneficiaries, The Extension Society; St. Jude's Hospital for Children; Little Sisters of the Poor; Xavier Association for the Blind; Graymore Friars; Sacred**

---

Heart Missions; Association of the Blind at Charleston, South Carolina; American Cancer Society; Charles Webb Center; Guest House at Garrison, New York; and the Disabled American Veterans, Plaintiffs,

v.

James I. WARD, Jr., Defendant.

Bankruptcy No. 94–74034.
Adv. No. 94–8253.

United States Bankruptcy Court,
D. South Carolina.

May 3, 1995.

Stephen F. DeAntonio, Charleston, SC, for Plaintiffs.

Thomas R. Goldstein, Charleston, SC, for Defendant.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Motion for Summary Judgment filed by the Plaintiffs pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure arising out of an adversary proceeding seeking a determination that the debt to the Plaintiffs is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4)[1]. Based upon the presentations of counsel for the Plaintiff and coun-

---

1. Further reference to the Bankruptcy Code, 11 U.S.C. § 101, *et. seq.*, shall be by section number only.

sel for the Defendant/Debtor, the pleadings to date and the affidavit of the Defendant/Debtor, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. The Plaintiffs filed a Complaint against the Defendant in the Court of Common Pleas for the State of South Carolina ("State Court") on September 9, 1992 alleging conversion, embezzlement, breach of fiduciary duty, misrepresentation/fraud and constructive trust arising out of fraud. Each cause of action sought a recovery of $252,500 as actual damages plus an award of punitive damages.

2. After one day of trial and after the presentation of several witnesses for the Plaintiff, the trial was suspended and the Defendant agreed for judgment to be rendered against him in the sum of $202,500.[2]

3. A judgment was subsequently issued by the Honorable William Howard by way of a form order Statement of Judgment by Court dated, filed and entered on March 15, 1994.

4. The parties stipulate that a separate agreement was reached in which it was agreed that if the Defendant paid 70% of the judgment amount within a certain time frame and under certain conditions, the judgment would be expunged or voided in toto.

5. It is further stipulated that the Defendant failed to pay under the agreed terms and that the aforesaid judgment became final.

6. There was no appeal of the judgment.

7. The Defendant filed a voluntary Chapter 7 bankruptcy petition on August 24, 1994.

8. On November 10, 1994, the within adversary proceeding was filed seeking a determination that the debt to the Plaintiff is non-dischargeable pursuant to § 523(a)(4) and Rule 4007 of the Federal Rules of Bankruptcy Procedure, based

---

2. A transcript of the State Court proceedings has not been offered in opposition to this motion and

upon fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

## CONCLUSIONS OF LAW

### I. SUMMARY JUDGMENT

Summary judgment is appropriate in those cases in which there is no genuine issue of material fact. Rule 7056(c) of the Federal Rules of Bankruptcy Procedure. Summary judgment should be granted if "there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249, 106 S.Ct. at 2510–11. On a motion for summary judgment, evidence and inferences must be viewed and drawn in a light most favorable to the non-moving party. *D.L. Auld Co. v. Chroma Graphics Corp.*, 714 F.2d 1144 (Fed.Cir., 1983). Since it is the movant who bears the onus of establishing his entitlement to summary judgment, his opponent enjoys the benefit of all favorable inferences from evidence proffered, and the facts asserted by the nonmoving party, if adequately buttressed by evidentiary material, are to be taken as true. *Abraham v. Graphic Arts Intern. Union*, 660 F.2d 811, 212 U.S.App.D.C. 412 (1981).

### II. COLLATERAL ESTOPPEL AND RES JUDICATA

■ After the filing of the Chapter 7 bankruptcy petition, the Plaintiffs responded with a Complaint to Determine the Dischargeability of Debt based upon § 523(a)(4) which renders non-dischargeable debts incurred by persons acting fraudulently while in a fiduciary capacity. In the Complaint, the Plaintiffs allege that the Defendant committed fraud or defalcation within the meaning of the § 523 and that this issue has been established in the prior state court action.

---

therefore further details of the rendering of judgment have not been established before this Court.

Generally, a bankruptcy court may give collateral estoppel effect to those elements of a claim that are identical to the elements required for discharge and which were " 'actually litigated and determined in the prior action'." *Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). The United States Supreme Court has held that:

> [T]he general rule of *res judicata* applies to repetitious suits involving the same cause of action. It rests upon consideration of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a Court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195. The judgment puts an end to the cause of action which cannot again be brought into litigation between the parties on any ground whatsoever, absent fraud or some other factor invalidating the judgment.

*Commission of Internal Revenue v. Sunnen*, 333 U.S. 591 at 597, 68 S.Ct. 715 at 719, 92 L.Ed. 898.

In the present case, the parties do not disagree about the underlying facts but disagree as to the inferences to be drawn from the underlying facts. In their Motion for Summary Judgment, the Plaintiffs argue that by allowing the judgment to be voluntarily taken, the Defendant acquiesced in a judicial determination that he committed fraud that is not dischargeable in bankruptcy. The Defendant, in opposition to the motion, filed an affidavit, which asserts that he allowed the judgment to be taken only because he could not withstand the continued litigation and that he thought the settlement was a reasonable resolution to the parties' disputes. The Defendant additionally alleges that because the matter was settled during the trial, there

was no judicial determination as to the issue of fraud or defalcation.

The parties did not produce a copy of the transcript of the State Court proceeding. The only evidence of the settlement terms before this Court is the State Court's Order disposing of the case which is a form order and which is itself silent as to the exact terms of settlement or other basis for the judgment.

> As a general rule, judgments are to be construed like other written instruments. The determinative factor is the intent of the parties or the court, as gathered, not from an isolated part of the contract or judgment but from all its parts. Hence, in construing a contract or a judgment, it should be examined and considered in its entirety; if the language employed is plain and unambiguous, there is no room for construction or interpretation and the effect thereof must be declared in the light of the literal meaning of the language used. [internal citations omitted]

*Ex parte Petition of Judith Gray White*, 299 S.C. 406, 385 S.E.2d 211 (App.1989).

The Plaintiffs within have put forth a strong argument that consensual and default type state court judgments should be given full faith and credit even though there are no specific findings in the judgments. "A judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata ... even if obtained upon default." *In re Hall*, 31 B.R. 148, at 149 (Bankr.Okl., 1983). This reasoning is based on the premise "[t]hat Congress intended the bankruptcy court to determine the final result—dischargeability or not—[and] does not require the bankruptcy court to redetermine all the underlying facts." *Stone v. Stone* 90 B.R. 71, at 74 (Bankr.S.D.N.Y., 1988). However, the Supreme Court noted one of the inherent problems with this line of reasoning:

> Default and consent judgments are common in collection proceedings. For the creditor, the prospect of increased attorney's fees and the likelihood of driving the debtor into bankruptcy may offset the advantages of exemplary damages or other extraordinary remedies. Bankruptcy deprives the debtor of his creditworthiness

and so impairs his ability to repay. In the words of a Shakespearean creditor, fearing the worst:

"When every feather sticks in his own wing,

Lord Timon will be left a naked Gull,

Which flashes now a Phoenix." Timon of Athens, Act 2, Scene 1, in VII, The Works of Shakespeare 294 (Henley ed. 1903). Nor does body execution aid in the collection of a debt if the creditor needs to be out of jail in order to earn the money to repay the debt.

*Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

The 1979 Supreme Court decision in *Brown* held that when the issue of fraud is not actually litigated, as in the case of default or consensual type judgments, the bankruptcy court should not be bound by the previous judgment. In *Brown*, a stipulated judgment was entered against the debtor which did not disclose the basis of liability. After filing for bankruptcy protection and defending a non-dischargeability complaint, the debtor moved for summary judgment on the issue of res judicata, basing the motion on the fact that there was no indicia of liability based upon fraud in the underlying state court judgment and therefore res judicata precluded its re-litigation in the non-dischargeability proceeding. The Supreme Court stated the underlying reasoning of the doctrine of res judicata:

Res judicata ensures the finality of decisions. Under res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378, 60 S.Ct. 317, 320, 84 L.Ed. 329 (1940); 1B J. Moore, Federal Practice P 0.405[1] (2d ed. 1974). Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes.

*Brown v. Felsen, supra* at 131, 99 S.Ct. at 2209.

In allowing the adversary proceeding to go forward for the determination of fraud, the Supreme Court cautioned that "[b]ecause res judicata may govern grounds and defenses not previously litigated, however, it blockades unexplored paths that may lead to truth. For the sake of repose, res judicata shields the fraud and the cheat as well as the honest person. It therefore is to be invoked only after careful inquiry". *Brown v. Felsen, supra* at 132, 99 S.Ct. at 2210.

██ A similar concept to res judicata is the doctrine of collateral estoppel or issue preclusion. Collateral estoppel is defined as:

Prior judgment between same parties on different causes of action is an estoppel as to those matters in issue or points controverted, on determination of which finding or verdict was rendered. *E.I. duPont de Nemours & Co. v. Union Carbide Corp.*, D.C.Ill., 250 F.Supp. 816, 819 [ (1966) ]. When an issue of ultimate fact has been determined by a valid judgment, that issue cannot be again litigated between the same parties in future litigation. *City of St. Joseph v. Johnson*, Mo.App., 539 S.W.2d 784, 785.

Blacks Law Dictionary 237 (5th Ed.1979).

"To invoke the doctrine of collateral estoppel, however, the issue as to which it is raised must have been both litigated and determined. This proposition was recently confirmed in *M & M Transmissions, Inc. v. Raynor*, 992 F.2d 1146 (4th Cir.1991)." *In re McCown*, 129 B.R. 432 (Bkrtcy.D.Md.1991). In *M & M Transmissions*, the judgment was a default judgment and the Fourth Circuit held that because the issue of fraud was not actually litigated, the creditor could not invoke the default judgment to bar the debtor's discharge by relying on res judicata or issue preclusion. The Fourth Circuit held that:

The common denominator of these four discharge cases is their recognition that an indispensable requirement of res judicata (more precisely, issue preclusion or collateral estoppel) is actual litigation of the issue. See Restatement (Second) Judgments § 27 (1982). They illustrate the law

of the circuit: To preclude a debtor from litigating an issue dispositive of discharge, the record of the case giving rise to the judgment debt must show that the issue was actually litigated and determined by a final valid judgment in an earlier proceeding and that it was necessary to the decision. *Combs v. Richardson,* 838 F.2d [ (112) ] at 113 [ (1988) ]; see also Restatement (Second) Judgments § 27. Moreover, the bankruptcy court must determine whether the issue was actually litigated "with particular care." *Combs v. Richardson,* 838 F.2d at 113.

*M & M Transmissions, Supra* at 149. See *In re Fisher,* No. 92–73995, slip. op., (Bkrtcy. D.S.C. 2/1/93); *In re Cuffey,* 162 B.R. 469 (Bkrtcy.E.D.Va.1993); *In re Loevner,* 163 B.R. 764 (Bkrtcy.E.D.Va.1994); *In re Piercy,* 140 B.R. 108 (Bkrtcy.D.Md.1992); *In re Stankovich,* 171 B.R. 27 (Bkrtcy.E.D.Va. 1994).

In the 1993 *Cuffey* opinion of the Eastern District of Virginia, Judge Tice reiterated the elements that must be established to apply the doctrine of collateral estoppel. "(1) the issue sought to be precluded is the same as that involved in the earlier proceeding, (2) the issue was actually litigated in the earlier proceeding, (3) the issue was determined by a valid and final judgment, and (4) the determination must have been essential to the prior judgment. *Combs,* 838 F.2d at 115 (citing *In re Ross,* 602 F.2d 604, 607–08 (3d Cir.1979)); see also, Restatement (Second) of Judgments § 26 (1982); *Rountrey v. Lee (In re Lee),* 90 B.R. 202, 205 (Bankr.E.D.Va. 1988)." *In re Cuffey, supra* at 471.

In the State Court proceeding between these parties, it is possible that the issues sought to be precluded are the same as those involved in this proceeding. However from the matters presented, this Court cannot determine that such issues were actually litigated in the State Court proceeding or determined by a valid and final judgment. Construing the inference in the favor of the Defendant, as this Court must do pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, it cannot be said that as a matter of law, the Defendant confessed to committing the type of fraud or defalcation

that would automatically preclude his discharge.

"The party asserting collateral estoppel has the burden of proving all of the requisites of its application; therefore, the plaintiffs here must provide a sufficient record for this Court to determine what issues, if any, were actually litigated before the state court." *Cuffey, supra* at 471. Because the transcript from the State Court proceeding was not before this Court and for the other reasons stated within, the Plaintiff's Motion for Summary Judgment must be denied as an issue of fact exists as to whether the Defendant, in allowing judgment to be taken against him, consented to a finding that he had committed the type of fraud or defalcation that would prevent the discharge of this debt.

### III.  COUNTERCLAIM

■  The Plaintiff's Motion for Summary Judgment also seeks a dismissal of the second counterclaim filed by the Defendant for wrongful attachment of a joint checking account owned by the Debtor and his wife. The Motion states that the attachment was taken pursuant to a lawfully obtained Court Order to which there had been no motion to alter, amend, quash or appeal. The affidavit of the Defendant, which is the sole evidence presented in opposition to the Motion for Summary Judgment, fails to raise any indicia of evidence that would be presented to prove the counterclaim.

The Supreme Court has held as follows: ". . . the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact", since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a suffi-

cient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

*In re Woodall,* 177 B.R. 517 (Bkrtcy.D.Md. 1995).

In this case, there has been a complete failure of proof by the Defendant to show the activities of the Plaintiffs to collect the stipulated judgment have been improper in any manner. Therefore, the Plaintiff's motion for summary judgment is granted as to the Defendant's second counterclaim for wrongful attachment.

## CONCLUSION

For the reasons stated within, it is therefore

**ORDERED,** that the Plaintiff's Motion for Summary Judgment on the Defendant's Counterclaim for wrongful attachment is granted. It is further

**ORDERED,** that the Plaintiff's Motion for Summary Judgment on the remaining causes of action is denied.

**AND IT IS SO ORDERED.**