L & R ASSOCIATES, Plaintiff/Appellant,

v.

Jimmy L. CURTIS, Defendant/Appellee.

Civil Action No. 2:95cv1094.

United States District Court,
E.D. Virginia,
Norfolk Division.

March 22, 1996.

William Frederick Burnside, Virginia Beach, VA, for L & R Associates.

Martin Harold Garfinkel, Virginia Beach, VA, Alex Harry Pincus, Law Office of Martin Garfinkle, Virginia Beach, VA, for Jimmy L. Curtis.

Debera F. Conlon, Office of the United States Trustee, Norfolk, VA, for United States Trustee.

### MEMORANDUM OPINION AND ORDER

JACKSON, District Judge.

### INTRODUCTION

This matter comes before the Court on an appeal from the United States Bankruptcy Court. Plaintiff/Appellant (hereinafter L & R Associates) presents the following two questions on appeal to the Court: 1) "Was Curtis [sic] [Defendant/Appellee] defense that he should be afforded the opportunity to litigate the issue of fraud barred by the Doctrine of Collateral Estoppel?" and 2) "Is the Judgment Order of the Circuit Court of the City of Virginia Beach legally sufficient to establish that the Trial Judge used particular care, i.e., that he heard the testimony and considered exhibits in determining that Curtis was liable to L & R for fraud?" However, as the Court explains below the relevant question is whether the Bankruptcy Court erred in finding that L & R Associates presented insufficient evidence to apply the doctrine of collateral estoppel to a default judgment order of the Circuit Court of the City of Virginia Beach, Virginia which would have barred Defendant/Appellee (hereinafter Mr. Curtis) from relitigating the issue of fraud in the creation of the debt to be discharged.

The parties have submitted briefs, and the Court has reviewed the briefs along with the record of the Bankruptcy Court. The Court finds that the "facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." FED. R.BANKR.P. 8012. Thus, this appeal is ripe for judicial determination.

For the reasons that follow, the Court **AFFIRMS** the ruling of the Bankruptcy Court.

### I. PROCEDURAL AND FACTUAL BACKGROUND

L & R Associates obtained from the Circuit Court of the City of Virginia Beach, Virginia a judgment in the amount of $29,351 plus interest on August 15, 1989 against Mr. Curtis. L & R Associates alleged that the Circuit Court found Mr. Curtis "guilty of fraud by failing to account for certain monies, which were owned by the Plaintiff [L & R Associates]." (Compl. ¶ 4.) Service of process, notifying Mr. Curtis that he was to appear for a hearing on a motion for judgment on July 28, 1995, was effected on July 14 and 17, 1989; on one of these dates, service was effected by posting the notice on the front door of Mr. Curtis' home. (Tr. at 36–37.) Mr. Curtis testified that he did not receive any notification of the motion for judgment, the hearing, or the judgment. (Tr. at 34–37.) Counsel for L & R Associates represented to the Bankruptcy Court that he presented the testimony of Rita Turner of L & R Associates and entered exhibits into the record in support of the motion for judgment before the Circuit Court. (Tr. at 39.) Mr. Curtis, however, did not appear before the Circuit Court in this matter.

Mr. Curtis filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on August 29, 1994. On December 5, 1994, L & R Associates filed a complaint to determine the dischargeability of the debt pursuant to 11 U.S.C. § 523(c) (1994). (Adversary Proceeding No. 94–2185–A.) L & R Associates argued that this debt was not dischargeable because of the Circuit Court's alleged finding of fraud. L & R Associates filed a motion for summary judgment on April 10, 1995, and the Bankruptcy Court held a hearing on that motion on May 30, 1995. At the hearing the Bankruptcy Court denied the motion because it found that the motion was not ripe, and it set trial for September 12, 1995.

The parties appeared on September 12, 1995 before the Bankruptcy Court; however, they were not prepared for trial. Mr. Curtis testified and the Bankruptcy Court heard argument from counsel. At the hearing, Mr. Curtis explained his relationship with L & R Associates. Mr. Curtis testified that he would purchase automobiles for L & R Associates at auctions. The checks with which he made the purchases were payable to the auctioneer, and the automobiles would be

titled in L & R Associates' name. Mr. Curtis was to be compensated in the form of half of the profits from the subsequent sales of the automobiles. (Tr. at 24.) L & R Associates apparently charged in the Circuit Court that Mr. Curtis had converted fraudulently to his own use some of this purchasing money.

At the conclusion of the hearing, the Bankruptcy Court found that service of process was proper under the law of the Commonwealth of Virginia. Citing *M & M Transmissions, Inc., v. Raynor (In re Raynor)*, however, the Bankruptcy Court found that the default judgment did not indicate that the Circuit Court made a finding of fraud "with particular care." 922 F.2d 1146, 1149 (4th Cir.1991) (citing *Combs v. Richardson*, 838 F.2d 112, 113 (4th Cir.1988); Restatement (Second) Judgments § 27 (1982)). Thus, the Bankruptcy Court held that the Circuit Court's judgment did not have the effect of collateral estoppel which would bar the discharge of the debt. Accordingly, the Bankruptcy Court denied L & R Associates' motion for summary judgment. At the beginning of the trial/hearing on September 12, 1995, counsel for L & R Associates indicated to the Bankruptcy Court that it believed that if the Bankruptcy Court did not recognize the collateral estoppel effect of the default judgment, the claim would be time-barred by the applicable statute of limitations. Thus, the Bankruptcy Court also ordered the complaint dismissed.

The Bankruptcy Court memorialized in writing the order of dismissal on September 26, 1995. L & R Associates filed this appeal on November 21, 1995. Mr. Curtis filed a responsive brief on December 7, 1995.

## II. STANDARD OF REVIEW

■■■ When a district court reviews the Bankruptcy Court's decisions of law, the standard of review is *de novo*. In reviewing determinations of fact, a district court applies the clearly erroneous standard. *In re Johnson*, 960 F.2d 396, 399 (4th Cir.1992) (citations omitted). The Court's determination of whether the Bankruptcy Court should have applied the doctrine of collateral estoppel is a question of law.

## III. DISCUSSION

■■■ L & R Associates' complaint alleged that the debt Mr. Curtis owed to it was not dischargeable because it was the result of fraud. The complaint further alleged that the default judgment of the Circuit Court of the City of Virginia Beach in 1989 established the fraud. Thus L & R Associates appeals the determination by the Bankruptcy Court that the doctrine of collateral estoppel did not apply to the Circuit Court's judgment and did not bar Mr. Curtis from litigating the issue of fraud as it applied to the dischargeability of the debt. Collateral estoppel precludes relitigation of a previously decided issue "if the party against whom the prior decision is asserted had 'a full and fair opportunity to litigate that issue in the earlier case.'" *Combs v. Richardson*, 838 F.2d 112, 114 (4th Cir.1988) (citing *Allen v. McCurry*, 449 U.S. 90, 94–95, 101 S.Ct. 411, 414–415, 66 L.Ed.2d 308 (1980)) (internal quotation marks omitted). The Bankruptcy Code provides that a discharge under Chapter 7 of the Bankruptcy Code does not discharge a debtor from any debt

> (2) for money, property, services, or an extension, renewal, or refinancing of credit to the extent obtained by—
>
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition....

11 U.S.C. § 523 (1994). L & R Associates argues that the default judgment of the Circuit Court should have collaterally estopped Mr. Curtis from litigating the issue of fraud before the Bankruptcy Court. In other words, L & R Associates did not want the Bankruptcy Court to entertain any arguments from Mr. Curtis in the bankruptcy proceedings but rather take the state court's judgment as a final determination of the nondischargeability of this debt because of fraud. At the beginning of the trial/hearing on September 12, 1995, counsel for L & R Associates indicated to the Bankruptcy Court that it believed that if the Bankruptcy Court did not recognize the collateral estoppel effect of the default judgment, the claim would be time-barred by the applicable statute of limitations. Consequently, Mr. Curtis did

not need to litigate the issue of fraud before the Bankruptcy Court because the statute of limitations for challenging the discharge had expired. Thus this Court simply must determine whether the Bankruptcy Court erred in finding that the state court's judgment itself did not preclude the discharge of this debt.

In finding that the default judgment did not bar Mr. Curtis from litigating the issue of fraud before the Bankruptcy Court, the Bankruptcy Court relied upon its opinion, *Kulesa v. Stankovich (In re Stankovich)*, 171 B.R. 27 (Bankr.E.D.Va.1994), and *M & M Transmissions, Inc., v. Raynor (In re Raynor)*, 922 F.2d 1146, 1149 (4th Cir.1991). L & R Associates contends that these cases are factually distinguishable from the case at bar, and thus the Bankruptcy Court improperly dismissed its complaint. In *In re Stankovich*, the defendant submitted a denial to the plaintiffs' motion for judgment but did not respond to the plaintiffs' request for admissions or their motion for summary judgment. *In re Stankovich*, 171 B.R. at 29. As a result of procedural failures by the defendant, the Circuit Court of Fairfax County entered a "Final (Judgment) Order" which counsel for the plaintiffs prepared. The order summarized the allegations and conclusions set out in the plaintiffs' motion for judgment. *Id.* In refusing to allow the state court's judgment to collaterally estop the debtor from litigating the issue at bar, the Bankruptcy Court stated that the record before it was "devoid of any indication that the issue of fraud, allegedly perpetrated by the debtor on the plaintiffs, was ever actually litigated and carefully considered by the state court." *Id.* at 30.

L & R Associates argues that the Bankruptcy Court should have recognized the collateral estoppel effect of the judgment in the instant case for the following reasons:

1. Mr. Curtis had an opportunity to litigate the issue of fraud but failed to appear before the Circuit Court despite valid service of process, and

2. L & R Associates presented witnesses and documents to the Circuit Court when it obtained the judgment as opposed to relying upon the allegations of the pleadings as the plaintiffs did in *In re Stankovich*.

However, the Bankruptcy Court found that the issue of fraud as alleged by L & R Associates was not the subject of actual litigation in the state court action which resulted in the entry of the default judgment. Relying upon *In re Raynor* and *Combs v. Richardson*, the Bankruptcy Court held that because it had no evidence before it that the state court had decided the issue of fraud with "particular care," the doctrine of collateral estoppel did not apply to the judgment. (Tr. at 45–47.) Consequently, the Bankruptcy Court dismissed the complaint.

In *Combs v. Richardson*, the U.S. Court of Appeals for the Fourth Circuit determined the preclusive effect, in a subsequent bankruptcy proceeding, of a civil jury verdict. The Fourth Circuit held that "the judgment debtor here may be precluded from relitigating an issue that was actually litigated and decided in an earlier proceeding and that was necessary to the decision.... However, *the determination* that an issue was actually litigated and necessary to the judgment must be *made with particular care.*" 838 F.2d 112, 113 (4th Cir.1988) (citing *Long v. West*, 794 F.2d 928 (4th Cir.1986) (emphasis added)). The Fourth Circuit had occasion to restate this law in *In re Raynor* when it found that a default judgment awarding damages for fraud was an insufficient basis for denying discharge. The Fourth Circuit again pronounced the law of the Circuit regarding the application of collateral estoppel in challenges to discharges:

> To preclude a debtor from litigating an issue dispositive of discharge, the record of the case giving rise to the judgment debt must show that the issue was actually litigated and determined by a final and valid judgment in an earlier proceeding and that it was necessary to the decision.

922 F.2d at 1149 (citing *Combs v. Richardson*, 838 F.2d 112, 113 (4th Cir.1988); RESTATEMENT (SECOND) JUDGMENTS § 27 (1982)). As the Fourth Circuit continued its explication of the law of the circuit, however, some confusion may have arisen. "Moreover, the bankruptcy court must determine whether the issue was actually litigated 'with particu-

lar care.'" *Id.* (citing *Combs v. Richardson*, 838 F.2d at 113). In the above citation of *Combs v. Richardson*, the Fourth Circuit may have misplaced inadvertently the modifier "with particular care." In *Combs v. Richardson*, "with particular care" modifies the determination to be made by the bankruptcy judge. In *In re Raynor*, "with particular care" appears to modify the prior litigation. Apparently applying this second "standard," the Bankruptcy Court remarked that "the standard of thoughtfully considered and carefully considered is too great a standard." (Tr. at 49.)

█ This Court finds that "with particular care" describes the nature of the inquiry by the bankruptcy judge into whether the previously decided issue was actually litigated and the issue was necessary to the decision. *See Combs v. Richardson*, 838 F.2d at 116 ("the bankruptcy judge must make a careful and considered determination that the issue was actually litigated and necessary to the earlier decision").

Although this Court finds that the Bankruptcy Court may have applied the wrong standard, the standard in this case does not effect the outcome.* This Court's concern is whether the parties actually litigated the issue of fraud and whether the determination of that issue was necessary for the state court's decision. Counsel for L & R Associates represented to the Bankruptcy Court that it had presented witnesses and evidence before the Circuit Court of the City of Virginia Beach. (Tr. at 39.) The judgment order indicated that the plaintiff, L & R Associates, and witnesses for the plaintiff appeared before the Circuit Court. (Tr. at 44.) Yet L & R Associates presented no other information to the Bankruptcy Court to indicate that the issue actually had been litigated and was necessary to the decision. The Bankruptcy Court gave L & R Associates more than one opportunity—at the hearing on its motion for summary judgment and at the trial—to present evidence concerning prior litigation. L &

R Associates presented no transcript of the proceeding before the Circuit Court or anything else to suggest that the Circuit Court entered more than a standard default judgment. Nothing L & R Associates presented to the Bankruptcy Court explained how, in the absence of Mr. Curtis, the Circuit Court's judgment was the result of actual and necessary litigation of the issue. Although the Circuit Court's judgment in favor of L & R Associates may have been based upon more evidence than the judgment of the state court in *In re Stankovich*, this Court agrees with the Bankruptcy Court that "more has to be submitted than the state court [default] judgment by testimony at trial," (Tr. at 49), to establish that the issue was actually litigated and that the determination of the issue was necessary to the judgment of the state court.

The Court finds that the Bankruptcy Court determined "with particular care" that the Circuit Court's default judgment should not collaterally estop Mr. Curtis from relitigating the issue of fraud as it relates to the dischargeability of this debt. The Bankruptcy Court thoughtfully considered the evidence before it: service of process documents, the default judgment of the Circuit Court, argument from counsel, and the testimony of Mr. Curtis in the bankruptcy proceeding. Based upon this record, the Court upholds the Bankruptcy Court's determination of the preclusive effect of the default judgment. Furthermore, after deciding that collateral estoppel did not apply based upon the record before it and taking into consideration the representations of counsel concerning the statute of limitations, the Bankruptcy Court correctly dismissed the complaint.

### CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the ruling of the Bankruptcy Court which dismissed L & R Associates' "Com-

---

* L & R Associates presented the following question to this Court: "Is the Judgment Order of the Circuit Court of the City of Virginia Beach legally sufficient to establish that the Trial Judge used particular care, i.e., that he heard the testimony and considered exhibits in determining that Cur-

tis was liable to L & R for fraud?" The Court's analysis of the standard to be applied in determining whether a state default judgment estops a debtor from litigating an issue before the Bankruptcy Court makes this question moot.

plaint to Determine Dischargeability of Debt."

It is so **ORDERED.**